## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between VALENTIN GUZMAN ("Plaintiff"), on the one hand, and PATSY'S PIZZERIA FRANCHISE CORP. (d/b/a PATSY'S PIZZERIA), 1279 1st AVENUE LLC (d/b/a PATSY'S PIZZERIA), NICK TSOULOS, NICK PASHALIS, NICK LENDIS, MICHAEL ZARMAKOUPIS, and JOHN BRECEVICH ("Defendants"), on the other, regarding Plaintiff's employment and the settlement of any and all wage and hour claims Plaintiff has or may have against Defendants.

WHEREAS, Plaintiff has commenced an action against Defendants in the United States District Court, Southern District of New York styled *Guzman et al v. Patsys Pizzeria Franchise Corp. et al*, Case No. 15-cv-07220 (PKC) (the "Action") alleging wage and hour violations under the Fair Labor Standards Act and the New York Labor Law;

WHEREAS, Defendants denies that they failed to pay Plaintiff all wages owed to him;

WHEREAS, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

   (a)   In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants shall cause to be paid to the Plaintiff and their attorneys the gross sum of Fifteen Thousand Dollars ($15,000 USD) ("Settlement Funds"), to be paid within thirty (30) days of the Court's final approval of this Settlement Agreement. Payment shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165.

   (b)   Plaintiff shall be solely responsible for the payment of any taxes owed on the payments of the Settlement Funds. Plaintiff represent that no tax advice has been given to them by Defendants or Defendants' representatives and Plaintiff understand that Defendants makes no representation or guarantee as to the tax consequences of these payments. Plaintiff hereby agree to indemnify and hold harmless Defendants in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiff for any failure by them to properly report the payment.

(c)    The Settlement Funds shall be paid to Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 2540, New York, NY 10165, and disbursed to Plaintiff.

(d)    Defendants shall issue a Form 1099 to Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 2540, New York, NY 10165, covering all Settlement Funds, and Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes owed on the sum they receive under this Agreement.

(e)    The payments required to be made hereunder are jointly and severally personally guaranteed by all of Employer's Shareholders, Officers & Directors, including without limitation all Court costs and collection fees in the event of a default and failure to timely cure a default within ten (10) days.

2.   **Settlement of All Claims**

Except as otherwise stated, upon execution of this Agreement, all claims and/or potential claims by Plaintiff against Defendants in the Action, including but not limited to, claims for wages, liquidated damages related to wages, retaliation related to wages, and attorneys' fees related to wages, and without admission that Plaintiff has established that any such claims, have any merit, or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

3.   **Covenant Not to Sue**

Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency, with the exceptions enumerated in this Agreement), against Defendants arising out of or relating to any allegation or wage and hour claim (whether Plaintiff's or any other person's) concerning Plaintiff's employment with Defendants, or all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena. If this paragraph is breached by any Plaintiff, the breaching Plaintiff shall pay, in addition to damages, all attorneys' fees incurred by Defendants in defending any such lawsuit, charge, claim, or proceeding.

4.   **Non-Admission**

This Agreement does not constitute an admission that Defendants has violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continues to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

5. **Reemployment**

Plaintiff hereby waives any and all rights to employment, reinstatement or reemployment with the Defendants, its parents, subsidiaries, affiliates, successors and assigns, or divisions, and they will not in the future ever seek reemployment in any position with Defendants, its parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

6. **Representations**

(a)   Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

(b)   Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his mind and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and delivered the undersigned Counsel for Defendants by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

7. **Mutual Releases**

(a)   In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement including but not limited to the general release by Defendants, Plaintiff, for himself and his heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limitation, the Fair Labor Standards Act, New York Labor Law, New York Code

Rules and Regulations, arising out of Plaintiff's employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims potentially brought in the Action.

(b) In consideration of the benefits, agreements and other consideration to be provided by Plaintiff as described in the Agreement, including but not limited to the general release by Plaintiff, Defendants **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Plaintiff, their heirs, executors, administrators, and assigns, of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims and demands whatsoever at law or in equity ("claims"), which Defendants ever had, now has, or which Defendants hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiff's alleged employment by Defendants, their separation therefrom, and/or the negotiation and/or execution of this Agreement, or all claims potentially brought in the Action.

(c) Plaintiff and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agree that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(d) The parties agree that the Court may keep or strike any portion of this Paragraph it deems violative of the law. However, in the event that the Court strikes or modifies this Paragraph in any manner, the general release provided by Plaintiff to Defendants in Paragraph 7(a) of this Agreement shall be deemed stricken and null and void by the parties.

8. <u>Attorneys' Fees</u>

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party, except that in the event any party has to judicially enforce any term of this agreement, the prevailing party in such circumstances may apply to the court for an award of reasonable attorneys' fees.

9. <u>Acknowledgment</u>

Plaintiff acknowledges that he is receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiff acknowledges that he was represented by counsel of his own choosing throughout the negotiation and the execution

of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

### 10. Stipulation of Dismissal

Plaintiff agrees to withdraw his complaint in the Action and shall execute a Stipulation of Dismissal (annexed hereto), with prejudice, which shall be filed with the Court within forty-eight (48) hours of full execution of this Agreement and said stipulation.

### 11. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 12. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 13. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 14. Counterparts & Facsimile Signatures

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pfd, and/or facsimile signatures will be recognized with same force and effect as originals.

### 15. Severability

If any provision, or portion thereof, of this Agreement is, or becomes, invalid under any applicable statute or rule of law, it is to be deemed stricken and the rest of this Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

- 6 -

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| *Valentin Guzman* | *[signature]* |
| Valentin Guzman | 1279 1st Avenue LLC |
| Dated: January 13, 2017 | (d/b/a Patsy's Pizzeria) |
| | Dated: January ___, 2017 |
| | |
| | *[signature]* |
| | Michael Zarmakoupis |
| | Dated: January ___, 2017 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VALENTIN GUZMAN, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

PATSY'S PIZZERIA FRANCHISE CORP. (d/b/a PATSY'S PIZZERIA), 1279 1st AVENUE LLC (d/b/a PATSY'S PIZZERIA), NICK TSOULOS, NICK PASHALIS, NICK LENDIS, MICHAEL ZARMAKOUPIS, and JOHN BRECEVICH,

                *Defendants.*

Index No. 15-cv-7220 (PKC)

**STIPULATION OF DISCONTINUANCE**

---

IT IS HEREBY STIPULATED that these actions have been discontinued and are hereby dismissed with prejudice, without costs to any party against any other, with the court retaining jurisdiction only to enforce the terms of the parties' settlement. This Stipulation may be filed with the Court without further notice to any party.

Dated: New York, New York
       January ___, 2017

---

Gerrald Ellis, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
*Attorneys for Plaintiff*

Song Chen, Esq.
Kevin Kerveng Tung, P.C.
136-20 38th Avenue, #3D
Flushing, NY 11354
*Attorney for Defendants*

**SO ORDERED:**

---

P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE